[Cite as *State v. Rossiter*, 2017-Ohio-316.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| BRIAN ROSSITER | : | Case No. 2016CA0001 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 15CR0111


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        January 26, 2017


APPEARANCES:

For Plaintiff-Appellee

JASON W. GIVEN
318 Chestnut Street
Coshocton, OH  43812

For Defendant-Appellant

DAVID A. SAMS
P.O. Box 40
West Jefferson, OH  43162

*Farmer, P.J.*

{¶1}   On January 11, 2016, appellant, Brian Rossiter, pled guilty pursuant to a plea agreement to two counts of receiving stolen property in violation of R.C. 2913.51 and one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32. One of the stolen items was a concrete pulverizer belonging to Shelly & Sands, Inc.  By judgment entry filed January 13, 2016, the trial court sentenced appellant to an aggregate term of three years in prison, and ordered him to pay restitution to Shelly & Sands in the amount of $64,395.00.

{¶2}   Appellant filed a pro se appeal and argued the following assignments of error:

PRO SE I

{¶3}   "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED RESTITUTION OF $64,395.00 BY FAILING TO: (A) ENSURE THE RECORD POSSESSED COMPETENT, CREDIBLE EVIDENCE FROM WHICH THE COURT COULD DISCERN THE AMOUNT OF RESTITUTION TO A REASONABLE DEGREE OF CERTAINTY BEFORE ORDERING RESTITUTION; (B) FAILING TO INQUIRE INTO THE ABILITY OF THE APPELLANT TO PAY THE $64,395.00 DOLLARS IN RESTITUTION AND FAILED TO CONSIDER THE APPELLANT'S PRESENT OR FUTURE ABILITY TO PAY WITHIN THE RECORD; (C) THE TRIAL COURT FAILED TO INFORM THE APPELLANT OF RESTITUTION PRIOR TO APPELLANT PLEADING GUILTY AND WAIVING HIS CONST. RIGHTS.  TRIAL COURT VIOLATED APPELLANT'S 6TH AND 14TH U.S. CONST. RIGHTS AND HIS ARTICLE I, SEC. 10 OF THE OHIO CONST."

PRO SE II

{¶4} "DEFENSE TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE RESTITUTION ORDER BY TRIAL COURT. COUNSEL POSSESSED EVIDENCE THAT SHOWED NO RESTITUTION WAS DUE IN THIS CASE. COUNSEL'S INEFFECTIVENESS PREJUDICED THE APPELLANT & VIOLATED DUE PROCESS & EQUAL PROTECTION OF LAW, A VIOLATON OF APPELLANT'S 5TH, 6TH, & 14TH U.S. CONST. AMENDS AND HIS ARTICLE I, SEC. 10 OF THE OHIO CONST."

{¶5} Thereafter, appellant was appointed counsel who submitted the following assignment of error:

COUNSEL I

{¶6} "DEFENDANT-APPELLANT WAS DENIED EFFECTIVE COUNSEL WHEN RESTITUTION FOR WHICH THERE WAS NO BASIS WAS ORDERED WITHOUT A HEARING REQUEST OR OBJECTION."

PRO SE I

{¶7} Appellant claims the trial court erred in ordering him to pay restitution without determining the reasonableness of the amount and his ability to pay, and without informing him of restitution prior to his plea. We disagree.

{¶8} Appellant was indicted on five counts, and pled guilty to three counts pursuant to a plea agreement. During the change of plea and dispositional hearing held on January 11, 2016, the following exchange occurred (T. at 14-15):

MR. MERANDA [Defense Counsel]: Thank you, Your Honor. Just real briefly. My client is 42 years old. He has made mistakes in his life. Currently serving out an eight-year prison sentence. I would ask the court to impose consecutive three years on these cases here today. It is my understanding he has five days' jail credit. We take no objection to the restitution that's going to be asked for by the state, if any.

With regards to the first two counts, Your Honor, I would ask the court to take into consideration that he is going to be serving out a hefty prison sentence with today's sentence and his current eight year sentence that he is serving, to waive any fines and court costs here today. Thank you.

THE COURT: Thank you. Mr. Rossiter, let me ask you, do you have any statement or information that you wish to offer on your own behalf in mitigation of punishment? Is there anything about sentencing that you want to say?

THE DEFENDANT: No, sir.

THE COURT: Mr. Hall, anything on behalf of the State of Ohio?

MR. HALL [Prosecutor]: The state agreed to take no position, Your Honor.

THE COURT: What's the restitution amount?

MR. HALL: $64,395.

THE COURT: Payable to who?

MR. HALL: Shelly & Sands.

THE COURT: Brian Rossiter is hereby ordered to pay as and for restitution in this matter $64,395 to the Shelley & Sands Company. That's as and for the concrete pulverizer in Count 4 of the indictment.

{¶9} The trial court deferred payment until after appellant is released from prison. T. at 19; Judgment Entry Plea of Guilty and Sentencing filed January 13, 2016.

{¶10} We find no further analysis is necessary. Appellant and his trial counsel waived any right to object to the restitution order.

{¶11} Assignment of Error I is denied.

PRO SE II, COUNSEL I

{¶12} Appellant claims his trial counsel was ineffective for failing to object to the restitution order. We disagree.

{¶13} As noted in Assignment of Error I, the record demonstrates all the participants were aware of and waived any error with the order of restitution.

{¶14} Assignment of Error II is denied.

{¶15} The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed.

By Farmer, P.J.

Hoffman, J. and

Wise, J. concur.

SGF/sg 118